UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL W. KENNEDY

    Plaintiff,

v.                                      CASE NO. 3:02CV 1754 (CFD)

BMW FINANCIAL SERVICES, N.A.         OCTOBER 31, 2003

    Defendant.

### PLAINTIFF'S MEMORANDUM SUPPORTING MOTION TO DISMISS COUNTERCLAIM

Plaintiff brought this action pursuant to the Federal Consumer Credit Protection Act, particularly the Consumer Leasing Act, 15 U.S.C. §1667 based on failure to make proper statutorily required disclosures at the inception of his contract to lease a used BMW. Complaint, ▯ ; Counterclaim ▯1. Defendant counterclaims for common law breach of contract and seeks damages pursuant to state law; Defendant's state law breach of contract counterclaim has nothing to do with the disclosure violations which form the basis for the federal cause of action alleged in the complaint. Instead, the counterclaim seeks an unspecified recovery based on common law breach of contract which occurred years after the disclosure violations.

This Court has no jurisdiction over an amount in controversy which is less than $75,000 except when such jurisdiction is expressly granted by Congress, for example, in the Consumer Credit Protection Act. Here, the Court can take judicial

notice that the amount of damages recoverable for breach of contract would be substantially less than $75,000, see plaintiff's Exhibit 1.

Counterclaim not compulsory. A state law counterclaim like that asserted by defendant herein is not a compulsory counterclaim within Fed. R. Civ. P. 13(a), Adam v. Jacobs, 950 F.2d 89, 92-93 (2d Cir. 1991); Maddox v. Kentucky Fin. Co., 736 F.2d 380, 383 (6th Cir. 1984) (entirely different legal, factual, and evidentiary questions). Virtually every court to have considered the issue has held that a claim under the Fair Debt Collection Practices Act (part of the Federal Consumer Credit Protection Act) and a debt collection counterclaim do not have the relationship required by Rule 13. Therefore, an independent basis for federal jurisdiction is required for what is in effect a state court collection action. E.g., Peterson v. United Accounts, Inc., 638 F.2d 1134, 1137 (8th Cir. 1981); Azar v. Hayter, 874 F. Supp. 1314 (N.D. Fla.), aff'd, 66 F.3d 342 (11th Cir. 1995); Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443 (D. Nev. 1994); Hart v. Clayton-Parker and Assoc., 869 F. Supp. 774, 777 (D. Ariz. 1994). Cf. Venes v. Professional Serv. Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984); Trimmel v. Gen. Elec. Credit Corp., 555 F. Supp. 264, 267 (D. Conn. 1983).

No supplemental jurisdiction. Courts in this District traditionally dismiss a defendant's pendent state court claims when they are unrelated to the federal consumer leasing cause of action being asserted by the defendant. E.g., Ball v. Connecticut Bank & Trust Co., 404 F. Supp. 1 (D. Conn. 1975); Solevo v. Alden's,

395 F. Supp. 861 (D. Conn. 1975). See also Valencia v. Anderson Bros. Ford, 617 F.2d 1278, 1291-92 (7th Cir. 1980), rev'd on other grounds, 452 U.S. 205 (1981) (citing Ball); Rivera v. Fair Chevrolet, Civil No. 3:95CV 485 (PCD) (D. Conn. Dec. 21, 1995); Lopez v. Orlor, Civ. No. 3:95CV 1890 (PCD) (D. Conn. Apr. 30, 1996).

Section 1367 grants supplemental jurisdiction only "over all claims that are so related to claims in the action that they form part of the same case or controversy." Defendant's contract claims are unrelated to the plaintiff's statutory disclosure claims, both in time and nature. Since the statutory claims in the complaint, and the contract claims in the counterclaim, do not arise from a common nucleus of operative facts, the supplemental jurisdiction of §1367 does not apply. Lyon v. Whisman, 45 F.3d 758, 760-61 (3d Cir. 1995) (since no common nucleus of operative facts, no jurisdiction of state claim "totally unrelated" to federal claim); Executive Software v. U.S. Dist. Court, 24 F.3d 1545 (9th Cir. 1994) (need common nucleus of operative facts); KRW Sales, Inc. v. Kristel Corp., 154 F.R.D. 186, 188 (N.D. Ill. 1994) (commission of tort not so related to original cause of action as to form part of the same case or controversy); Obendorfer v. Gitan Group, Inc., 838 F. Supp. 950, 957 (D.N.J. 1993) (different time frame, different body of law); Molina v. Mallah Org. Inc., 817 F. Supp. 419, 421-22 (S.D.N.Y. 1993) (different time frame); Frieburger v. Emery Air Charter, Inc., 795 F. Supp. 253, 258 (N.D. Ill. 1992) (different time frame; claim maintainable without reference to any fact alleged in the complaint); In re Emerald Acquisition Corp., 170 B.R. 632, 646 (Bankr. N.D. Ill.

1994) (different time periods, different events, different facts). Cf. Unique Concepts v. Manuel, 930 F. 2d 573, 574 (7th Cir. 1991) (permissive counterclaim still requires own jurisdictional basis).

Even if there were a common nucleus of operative facts, this Court has discretion to decline to exercise jurisdiction under §1367(c) if the claim substantially predominates over the plaintiff's claims, or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Plaintiff notes the following exceptional circumstances: as set forth below, defendant not only has no claim for breach of contract, but is open to a significant common law recovery under alleged damage to the car, other charges (undefined), defendant's expenses (undefined) and attorney fees. See Exhibit 1) (only allegation is an alleged sum owed for excess mileage). Defendant has invented new allegations that are contrary to Exhibit 1. This Court will become embroiled in a purely state law controversy.

Issues of fact which require the time and resources of a trial, in which damages are likely to be insignificant, clearly predominate over a "paper" disclosure violation case which both parties believe will be determined on summary judgment.

Docket congestion alone does not create exceptional circumstances. Executive Software, 24 F.3d at 1552. Here, docket congestion is coupled with strong public policy considerations: As a matter of public policy, the counterclaim impedes expeditious enforcement of the federal statutes, is obviously intended to have a

chilling effect on the enforcement of the federal policy expressed in the Consumer Credit Protection Act, and would involve the Court in minor state law issues which have no federal significance. Cf. <u>Leatherwood v. Universal Business Serv. Co.</u>, 115 F.R.D. 48 (W.D.N.Y. 1987).

<u>Failure to state a claim</u>. When plaintiff allegedly breached his contract to pay excess mileage charges, defendant was required to mitigate its damages when it resold the vehicle. Conn. Gen. Stat. □42a-2-706. of the UCC and the Retail Instalment Sales Financing Act. F.2d 417 (8th Cir. 1983)

## CONCLUSION

Since no independent basis for jurisdiction over defendant's permissive counterclaim exists, the counterclaim should be dismissed. Since the state law counterclaim does not state a cause of action under state law, it should be dismissed.

THE PLAINTIFF

BY _____
Bernard T. Kennedy
49 Rose Street, #301
Branford, CT 06405
(203) 481-1322
Fed. Bar # ct00680

# EXHIBIT 1

## BMW Financial Services



August 21, 2002

Michael Kennedy
101 West Main Street
BRANFORD, CT 06405-0000

Re:   Account Number:   3000208849
      Year and Model:    1999 328i convertible

Dear Michael Kennedy:

Thank you for choosing BMW Financial Services to meet your vehicle leasing needs. We hope that you will consider using BMW Financial Services in the future should the opportunity arise. The information listed below represents your end of lease charges, calculated as follows:

ITEM:                                                              AMOUNT:

Account Balance Brought Forward:                                   $1,096.72
    Excessively Worn or Mismatched Tires        $0.00
    Glass Repair or Replacement                 $0.00
    Interior Damages or Excess Wear             $0.00
    Exterior Damage or Excess Wear              $0.00
    Mechanical Problems or Excess Wear          $0.00
Total Excess Wear and Tear Charge:                                 $0.00
Excess Mileage or Kilometers Charge:                               $1,868.20
Termination/Disposition Fee:                                       $350.00
Use Tax/Applicable Sales Tax:                                      $160.53
Personal Property Taxes:                                           $0.00
Total of Charges:                                                  $3,475.45
Refundable Security Deposit:                                       $500.00
Net Balance Due Upon Receipt                                       $2,975.45

Please make your check payable to BMW Financial Services. To ensure proper credit please include your account number on the check.

                BMW Financial Services
                P.O. Box 78103
                Phoenix, AZ 85062-8103

5515 Parkcenter Circle
Dublin, OH 43017-3535   If you have any questions or concerns regarding your end of lease statement or to pay
                        by credit card, please contact an End of Term Specialist at 1-800-398-3939, Monday
Mailing Address         through Friday, 9:00 a.m. to 6:00 p.m. Eastern Time, or by mail at either address listed.
P.O. Box 3608
Dublin, OH 43016-0306

General                 Sincerely,
(614) 718-6900
                        BMW Financial Services NA, LLC
Facsimile
(800) 820-4269

Customer Care           **NOTE:** Personal Property taxes or Excise taxes may be assessed to your account in arrears,
                        if billed by your state or province, county, or locality. If applicable, return plates to your

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed postage prepaid, on October 31, 2003 to:

Adam J. Cohen, Esq.
Sheila Denton, Esq.
Pullman & Comley
Box 7006
Bridgeport, CT 06601-7006

_____
Bernard T. Kennedy