FILED

03 NOV 14 P 2:10

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

S DISTRICT COURT
HARTFORD CT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

MICHAEL W. KENNEDY,                            *
                                               CIVIL ACTION
              Plaintiff,         *             NO. 3:02cv1754 (CFD)

    VS.                          *

BMW FINANCIAL SERVICES, N.A.     *
                                               NOVEMBER 14, 2003
              Defendant          *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## LOCAL RULE 56(a)(1) STATEMENT

Pursuant to Local Rule 56(a)(1), the defendant BMW Financial Services NA, LLC ("Defendant") submits this statement of material facts as to which there is no genuine issue to be tried in support of its Motion for Summary Judgment against the Amended Complaint of the plaintiff Michael W. Kennedy ("Plaintiff").

1)   On or about April 30, 1999, Michael C. Iannuzzi and Michael P. Iannuzzi (the "Iannuzzis") executed a lease for a new 1999 BMW 328IC convertible (the "Vehicle") with a motor vehicle dealer in Boston, Massachusetts (the "Dealer"). A true and correct copy of this lease has been submitted with Defendant's Motion for Summary Judgment as Exhibit C. See Exhibit A at ¶ 3; Exhibit C.

2) On or about April 30, 1999, the Iannuzzis asked the Dealer to etch the Vehicle's VIN number from several of its components, which service the Dealer performed. Defendant had no involvement in this request or service. See Exhibit A at ¶ 4; Exhibit H at ¶ 11 and Production.

3) At or before the time it executed the lease, the Dealer calculated the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, and total of payments, and disclosed these charges to the Iannuzzis. Pursuant to agreements between the Dealer and Defendant which are common in the industry, the Dealer assumed responsibility for providing these disclosures to consumers and wrote the results of its calculations onto blank lease forms provided to it in advance by Defendant. See Exhibit A at ¶ 5; Exhibit C at ¶¶ 6, 9, 10; Exhibit H at ¶ 11.

4) Defendant did not calculate the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, or total of payments. Defendant did not collect or receive the title fee, registration fee, license fee, VIN etch fee, or money due at lease signing for the transaction. See Exhibit A at ¶ 6; Exhibit C at ¶¶ 6, 9, 10; Exhibit H at ¶¶ 2-12.

5) In accordance with industry norms and agreements with Defendant, a financing company headquartered in Ohio who agreed to finance the transaction, the Dealer immediately assigned the Vehicle and lease to Defendant. Defendant began collecting monthly payments from the Iannuzzis. See Exhibit A at ¶ 7; Exhibit C at pp. 2 and 4.

6) The Dealer sent a copy of the lease agreement to Defendant, but did not assign to Defendant any document by which it could have been determined that the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, or total of payments had been incompletely or inaccurately disclosed. See Exhibit A at ¶ 8; Exhibit H at ¶¶ 2-12.

7) On or about January 28, 2000, Plaintiff and the Iannuzzis executed a Transfer of Interest and Assumption of Obligation by which the Iannuzzis transferred to Plaintiff their right, benefit, and interest in the Vehicle, and Plaintiff agreed to be bound by the lease's terms. Defendant executed this document on or about February 28, 2000. A true and correct copy of this document has been submitted with Defendant's Motion for Summary Judgment as Exhibit D. See Exhibit A at ¶ 9; Exhibit D.

8) After Plaintiff returned the Vehicle at the end of the lease term, Defendant issued Plaintiff a bill dated August 21, 2002 for $2,975.45. This bill included a charge for $160.53 in use tax and sales tax which Defendant was obligated to collect for the State of Connecticut. A true and correct copy of this bill has been submitted with Defendant's Motion for Summary Judgment as Exhibit E. See Exhibit A at ¶ 10; Exhibit E.

9) The August 21, 2002 bill also included a charge for $1,868.20 in excess mileage fees because Plaintiff returned the Vehicle with 45,366 miles on the odometer, which was 9,341 miles over the 36,025 limit set forth in the lease. See Exhibit A at ¶ 11; Exhibit C at ¶¶ 12, 18, 20, 32; Exhibit E; Exhibit F; Exhibit G; Exhibit H at ¶ 10; Exhibit I at ¶ 2; Exhibit J.

        THE DEFENDANT
        BMW FINANCIAL SERVICES NA, LLC

        By: _____
        Sheila A. Denton (ct 11436)
        Adam J. Cohen (ct 19877)
        Pullman & Comley, LLC
        850 Main Street, P.O. Box 7006
        Bridgeport, CT 06601-7006
        Telephone (203) 330-2000

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed on the date hereon to:

**Attorney for the Plaintiff:**
Bernard T. Kennedy, Esq.
49 Rose Street
Branford, CT  06405
Telephone:  (203) 481-1322

**The Plaintiff:**
Michael W. Kennedy, Esq.
101 W. Main Street
Branford, CT  06405
Telephone:  (203) 481-4040

_____
Adam J. Cohen