UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MICHAEL W. KENNEDY

2004 JAN 27  P 12: 18

    Plaintiff,

U.S. DISTRICT COURT
HARTFORD, CT.

V.

CIVIL ACTION NO.
3:02CV1754 (CFD)

BMW FINANCIAL SERVICES, N.A.

    Defendant.

JAMUARY 26, 2004

## MOTION TO STRIKE SECTIONS OF ARMANDO MACIAS AFFIDAVIT PURSUANT TO RULE 56 (e)

Pursuant to Rule 56 (e) of the Fed.R. Civ. P. the plaintiff Michael W. Kennedy

moves the Court to strike the following paragraphs on the grounds that the paragraphs are

based on speculation and conjecture. Further, they do not meet the test of an affidavit

under Rule 56 (e). One, the affidavit shall be on personal knowledge and (2) shall set

forth such facts as would be admissible in evidence. Casas Office Machines v. Mita

Copystar American , 42 F. 3d 688 ( 1st Cir. 1994). An affidavit shall not contain

inferences and opinions and may not be based on " flights of fancy, speculations,

hunches, intuitions, or rumors about matters remote from" (personal experience).  Visser

v. Packer Eng'g Assocs , 924 F. 2d 655, 659 (7th Cir. 1991).  Hearsay testimony that

would not be admissible at trial cannot be included in Rule 56 (e) affidavit. Thomas v.

International Business Machines , 48 F. 3d 478, 485 ( 10th Cir. 1995).

1. Paragraph no. 1. "On or about April 30, 1999, Michael C. Iannuzzi and Michael P. Iannuzzi (the "Iannuzzis") executed a lease for a new 1999 BMW 328IC Convertible (the "Vehicle") with a motor vehicle dealer in Boston, Massachusetts (the "Dealer"). Mr. Macias did not deal personally with the Iannuzzis or the Dealer in the transaction. This paragraph does not meet the test, "shall be made on personal knowledge" as it is hearsay.

2. Paragraph no. 2. "I am advised that the Iannuzzis asked the Dealer to etch the Vehicle's VIN number from several of its components, and that the Dealer performed this service". The paragraph does not meet the test, "Shall be made on personal knowledge" as it is hearsay.  Mr. Macias does not know nor have the ability to know what was said in the conversation between the Iannuzzis and the Dealer nor did he state within his affidavit that he personally had a conversation with the Iannuzzis or the Dealer.

3. Paragraph no. 3.  " At or before the time it executed the lease, the Dealer calculated the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, and total of payments and disclosed these charges to the Iannuzzis". This paragraph does not meet the test " Shall be made on personal knowledge".  Since Mr. Machias was not present when and if the Dealer calculated the above or what the Dealer disclosed to the Iannuzzis. Personal knowledge was lacking in the affidavit and his statement was hearsay.

4. Paragraph no. 7. "On or about January 28, 2000, Michael W. Kennedy and the Iannuzzis executed a Transfer of Interest and Assumption of Obligation by which the Iannuzzis transferred to Mr. Kennedy their right, benefit, and interest in the vehicle and

Mr. Kennedy agreed to be bound by the lease's terms". This paragraph does not meet the test , "Shall be made on personal knowledge". Not only does this paragraph contain several hearsay statements it was impossible for Mr. Macias to know if the Iannuzzis or Michael Kennedy executed the document because he was not present. Hearsay statements are not admissible the paragraph must be stricken.

5. Paragraph no. 9 ". . . Mr. Kennedy returned the vehicle with 45,366 miles on the odometer . . . ." This paragraph does not meet the test, "Shall be made on personal knowledge". Mr. Macias was not present when Mr. Kennedy returned the vehicle. Personal knowledge was lacking in his affidavit and his statement was hearsay.

THE PLAINTIFF

BY _____

Bernard T. Kennedy
49 Rose Street #301
Branford, CT 06405
(203) 481-1322
Fed. Bar # ct00680

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. Mail on this 26th day of January 2004 to:
Adam J. Cohen, Esq.
Sheila A. Denton, Esq.
Pullman & Comley
Box 7006
Bridgeport, CT 06601-7006

_____
Bernard T. Kennedy