UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 27 P 12: 19

U.S. DISTRICT COURT
HARTFORD, CT.

MICHAEL W. KENNEDY

Plaintiff,

V.

CIVIL ACTION NO.
3:02CV 1754 (CFD)

BWM FINANCIAL SERVICES, N.A.

Defendant.

JANUARY 26, 2004

## LOCAL RULE 56 (a) (1) STATEMENT

Plaintiff Michael W. Kennedy in accordance with Local Rule 56(a) submits the following listing of all material facts to which he contends there is no genuine issue material facts to be tried in support of his Motion for Summary Judgment in the Amended Complaint.

1. On April 30, 1999, Michael C. Iannuzzi and Michael P. Iannuzzi ("Iannuzzis") executed a lease for a new 1999 BMW with an authorized BMW dealer in Boston, Massachusetts ("Dealer"). A true copy was submitted with Plaintiff's Cross Motion for Summary Judgment. Exhibit 2.

2. Blank leases were provided to the Dealer in Boston, Massachusetts by BMW. See BMW Local Rule 56(a) statement ¶ 3; Exhibit 1, page 9-10.

3. The blank lease is preprinted at the direction of BMW and it imposes a charge of $.20 for excess miles, for excess wear and tear for any miles over and above what the lease contracted for. Exhibit 2, ¶ 12; Exhibit 1, page 12-13.

4. The blank lease contains a disposition charge of $350 which charge is retained by BMW. See Exhibit 1, page 13-14; Exhibit 2 ¶8 (A).

5. Credit applications are prepared by BMW and available on its InfoBahn system for

the Dealer to print. See Exhibit 1, page 17.

6. BMW has standards whether they will approve or disapprove the lessee's credit. Exhibit 1, page 18.

7. BMW sent approval to the Dealer authorizing the Iannuzzis to lease the auto provided both signed the lease, setting the lease term at 36 months, the sum of $43,200 and BMW Options. Exhibit 4.

8. BMW supplied the Dealer with a "BMW Financial Services Funding Package Checklist" Exhibit 14; Exhibit 1, page 56.

9. The Funding Package Checklist-Lease is sent to Dealers by BMW to ensure that when the Dealer returns the package; they have everything that BMW would require. See Exhibit 1, page 56; Exhibit 14.

10. A requirement by BMW is that when the Dealer returns the Funding Package there must be enclosed notice that lease is assigned to BMW, copy of any approval, notification, copy of a credit application, that BMW be listed as the owner of the lease vehicle. See Exhibit 1, page 20.

11. BMW sets the minimum limits for liability insurance coverage that the lessee must have on the lease vehicle. See Exhibit 1, page 21; Exhibit 2, ¶ 26.

12. BMW publishes guidelines to Dealers to calculate the residual value of the leased vehicle and must be used by the Dealer it they wish to assign the lease to BMW. See Exhibit 2 ¶ 11D; Exhibit 1 page 27-28.

13. BMW provided guidelines to the Dealer so it will properly arrive at the base monthly payment. See Exhibit 2 ¶ 11I; Exhibit 1, page 28-29.

14. The lease signed by the Iannuzzis on April 30, 1999 contained an Acquisition Fee

charge in the sum of $480 and was paid by them. See. Exhibit 2, ¶ 10 (A) (8).

15. The entire Acquisition Fee of $480 on the lease was paid to BMW. See Exhibit 2, ¶ 11I; Exhibit 1, page 63.

16. The Lease contained a payment of $5000 for Cap Cost reduction, and $300 for Connecticut Sales Tax which BMW reduced when they purchased the leased vehicle, so in that sense, yes, the customer does get a credit for $5000 from BMW. See Exhibit 2 ¶ 10 (A) (1); Exhibit 17; page 62; Exhibit 17.

17. BMW requires that a copy of the consumer's driver license be sent to them by the Dealer or the lessee. See Exhibit 1, page 38; Exhibits 8 and 9.

18. BMW provided the Dealer information through a document entitled "BMW Financial Services Lease Financing Program Worksheet" for preparing a lease. See Exhibit 7; Exhibit 1, page 39.

19. The State of Connecticut's Application for Registration, for the vehicle which is the subject of this action states the "DMV Fees Collected" for new issue and title was $95. See Exhibit 13.

20. The total amount due at lease signing or delivery for title fee, registration fee and license fee written on the lease was $195.50. See Exhibit 2 ¶ 10 (A) (4) (5) (6).

21. The date of the second monthly payment due BMW, on the lease, was May 1, 1999. See Exhibit 2 ¶7; Exhibit 1, page 46, lines 2-8.

22. There was a discrepancy between the date of May 1, 1999, when the second payment was due pursuant to the lease and the date BMW believed the second payment was due, which was June 1, 1999. See Exhibit 2 ¶ 7; Exhibit 1, page 46-47.

23. BMW provides the Dealer information with a document entitled "BMW Financial

Services Lease Financing Program Worksheet" for use in preparing a lease such as Exhibit 2. Exhibit 7; Exhibit 1, page 39.

24. BMW purchased the lease vehicle on April 30, 1999. Exhibit 6.

25. On July 31, 2000 the Iannuzzis and Kennedy executed a Transfer of Interest and Assumption of Obligation under a Motor Vehicle Lease agreement, BMW executed the same document on February 28, 2000 and that document stated in pertinent part "The parties hereto agree that this transfer and modification of the subject Lease . . . ." See Exhibit 11.

26. The Iannuzzis signed a Federal Odometer Disclosure Statement (leased vehicle) supplied to them by BMW on January 27, 2000 and signed by BMW on February 28, 2000. Exhibit 5.

27. Kennedy was charged the sum of $450 by BMW for which there was no explanation. Exhibit 19.

28. The Iannuzzis were charge $250 entitled "Early Term Charge. Exhibit 20.

THE PLAINTIFF

_____
Bernard T. Kennedy
49 Rose Street, # 301
Branford, CT 06405
(203) 481-1322
Fed. Bar No. ct00680

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. Mail on this 26 day of January 2004 to:

Adam J. Cohen, Esq.
Sheila A. Denton, Esq.
Pullman & Comley
Box 7006
Bridgeport, CT 06601-7006

*/s/ Bernard T. Kennedy*
Bernard T. Kennedy