UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

MICHAEL W. KENNEDY,                         \*

                              CIVIL ACTION

                  Plaintiff,    \*    NO. 3:02cv1754 (CFD)

    VS.                                     \*

BMW FINANCIAL SERVICES, N.A.               \*

                              FEBRUARY 24, 2004

               Defendant    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE
SECTIONS OF AFFIDAVIT OF ARMANDO MACIAS**

The defendant BMW Financial Services NA, LLC hereby objects to the "Motion to Strike Sections of Armando Macias Affidavit" dated January 26, 2004 filed by the plaintiff, Michael W. Kennedy.

This litigation is a dispute over the charges associated with a motor vehicle lease. According to the Amended Complaint, Plaintiff assumed the lease from Michael C. Iannuzzi and Michael P. Iannuzzi, who had originally leased the vehicle from a retailer in Boston ten months earlier. Am.Compl. at ¶ 2 [*sic*] and Lease Agreement at Am.Compl.Ex. A at p.1. The Amended Complaint alleges that the written disclosures given to the Iannuzzis at the time they signed the lease misstated the amounts due at inception, for total payments, for various governmental fees, and a VIN etch fee.

Am.Compl. at ¶¶ 8-12.  The Amended Complaint also alleges that the excess mileage fee and sales taxes charged at lease termination were incorrect or unitemized.  Am.Compl. ¶¶ 13, 21.  Defendant has moved for Summary Judgment upon all remaining claims because the Amended Complaint and discovery show that no material dispute of fact exists and that Defendant is entitled to judgment as a matter of law.

Armando Macias is Defendant's Operations Support Manager, and executed the Affidavit in support of Defendant's Motion for Summary Judgment.  Plaintiff challenges several paragraphs of that Affidavit on the grounds that they constitute "hearsay" and were made without "personal knowledge."  The paragraphs he challenges state:

> (3) On or about April 30, 1999, Michael C. Iannuzzi and Michael P. Iannuzzi executed a lease for a new 1999 BMW 328IC convertible with a motor vehicle dealer called Herb Chambers 1186, Inc.  A true and correct copy of this lease has been submitted with BMW FS's Motion for Summary Judgment as Exhibit C.

> (4) I am advised that the Iannuzzis asked Herb Chambers to etch the vehicle's VIN number onto several of its components, and that Herb Chambers performed this service.  If this is true, BMW FS had no involvement in this request or service.

> (5) At or before the time it executed the lease, Herb Chambers calculated the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, and total of payments, and disclosed these charges to the Iannuzzis.  Pursuant to pre-existing agreements between Herb Chambers and Defendant which are common in the industry, Herb Chambers assumed responsibility for providing these disclosures to consumers and wrote its calculations onto blank lease forms provided to it in advance by Defendant.

> (9) On or about January 28, 2000, Michael W. Kennedy and the Iannuzzis executed a Transfer of Interest and Assumption of Obligation by which

the Iannuzzis transferred to Mr. Kennedy their right, benefit, and interest in the vehicle, and Mr. Kennedy agreed to be bound by the lease's terms. BMW FS executed this document on or about February 28, 2000. A true and correct copy of this document has been submitted with BMW FS's Motion for Summary Judgment as Exhibit D.

(11)  The August 21, 2002 bill also included a charge for $1,868.20 in excess mileage fees because Mr. Kennedy returned the vehicle with 45,366 miles on the odometer, which was 9,341 miles over the 36,025 limit set forth in the lease. True and correct copies of BMW FS's Vehicle Inspection Report and Expense Detail Sheet have been submitted with BMW FS's Motion for Summary Judgment as Exhibits F and G, respectively.

See Affidavit of Armando Macias dated November 13, 2004.[1]  For the convenience of the Court, a copy of the Affidavit is attached hereto. Plaintiff's sole argument in support of his challenges is that Mr. Macias was not personally present for the above transactions, and therefore cannot validly attest to them.

Plaintiff's Motion is perplexing, since many of the challenged paragraphs mirror the allegations in Plaintiff's own Amended Complaint and the admissions in his Local Rule 56(a)(2) Statement. See, e.g., Am.Compl. at ¶ 2 and Am.Compl.Ex. A; Rule 56(a)(2) Stmt. at ¶¶ 1, 7 (lease execution, original signatories, fee calculations, and assumption by Plaintiff). Notably, Plaintiff has introduced neither argument nor evidence to contest any of the challenged allegations in his own affidavit or briefs against Defendant's motion for summary judgment, and even seems to predicate

---

[1]  Plaintiff's Motion to Strike states that it is challenging testimony at paragraphs "1," "2," "3," "7," and "9," but the testimony Plaintiff quotes is actually found in paragraphs 3, 4, 5, 9, and 11. Defendant will assume Plaintiff identified the wrong paragraph numbers rather than the wrong testimony.

much of his own cross-motion for summary judgment upon several of them. See, e.g., Pl.Mem. at 1 (the "Iannuzis[] lease[d] a new 1999 BMW in Boston, MA from a local dealer"); id. ("the Dealer filled in the lease…"); id. at 2 (parties executed Assumption agreement).

Nevertheless, the assertions of "hearsay" and "lack of personal knowledge" in Plaintiff's Motion to Strike are legally baseless. In Paragraph 1 of Mr. Macias's Affidavit, he explains that:

> I am over the age of eighteen years, believe in the obligations of an oath or affirmation, and make this statement upon my personal knowledge *as well as records made and kept in the ordinary course of my employer's business by employees with knowledge and duty to do so.*

See Affidavit of Armando Macias at ¶ 1 (emphasis added). As a matter of hornbook law, records made and kept in the ordinary course of business are excepted from the hearsay rule. See Fed.R.Evid. 803(6). Thus, affidavit testimony predicated upon business records is properly considered in support of a summary judgment motion. Harriscom Svenska, AB v. Harris Corp., 3 F.3d 576, 581 (2d Cir. 1993) (affirming denial of motion to strike affidavits and business records for this reason); see also United States v. Birchem, 100 F.3d 607, 609-10 (8th Cir. 1996) (affirming summary judgment over challenge to affidavits reiterating documents in movant's business records); McMillan v. Experian, 170 F.Supp.2d 278, 281 (D.Conn. 2001) (denying motion to strike portions of summary judgment affidavit expressly based upon business records); New York ex rel. Spitzer v. Saint Francis Hosp., 94 F.Supp.2d 423, 426 (S.D.N.Y. 2000) (same); Balut v. Loral Electronic Systems, 988 F.Supp. 339, 352 (S.D.N.Y. 1997) (same), aff'd, 166 F.3d 1199 (2d Cir. 1998). Plaintiff cites no authority to the contrary, nor could he possibly do so.

Mr. Macias's testimony properly and explicitly relied upon records made and kept in the ordinary course of his employer's business, and even attached copies of those business records, which he attested were true and accurate copies.  See Affidavit at ¶¶ 1, 3, 5, 9, and 11, and Exhibits C through G thereto.  Importantly, Plaintiff has not challenged the admissibility of the records themselves, or explained why they cannot be the source of knowledge for affidavit testimony.  The only allegation in the Affidavit which is even arguably not premised upon a business record is ¶ 4, in which Mr. Macias stated that he was "advised" about a VIN etch purportedly performed by the dealer.  This is not hearsay because it was plainly not offered for its truth.  Indeed, in the very next sentence (which Plaintiff does not challenge), Mr. Macias explains, "*If this is true*, BMW FS had no involvement in this request or service."  See Affidavit at ¶ 4 (emphasis added).  Defendant is plainly entitled to submit affidavit testimony based upon its business records, and has properly done so here.

Plaintiff's Motion to Strike lacks any merit whatsoever.  Indeed, if corporate entities could not submit affidavits in which their employees testify from records made and kept in the ordinary course of their business, it would be difficult to imagine how corporations could ever move for or oppose summary judgment.  For these reasons, Plaintiff's Motion should be denied in its entirety.

THE DEFENDANT
BMW FINANCIAL SERVICES NA, LLC

By: _____
Adam J. Cohen (ct 19877)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
Telephone (203) 330-2000

-5-

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed on the date hereon to:

**Attorney for the Plaintiff:**
Bernard T. Kennedy, Esq.
49 Rose Street, Suite 301
Branford, CT  06405
Telephone:  (203) 481-1322

Bernard T. Kennedy, Esq.
20 Yacht Club Drive #214
North Palm Beach, FL  33408
Telephone: (561) 776-6335

**The Plaintiff:**
Michael W. Kennedy, Esq.
101 W. Main Street
Branford, CT  06405
Telephone:  (203) 481-4040

_____
Adam J. Cohen

BPRT/56275.5/AJC/505779v1

# *EXHIBIT A*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

MICHAEL W. KENNEDY,                          \*
                                             CIVIL ACTION
               Plaintiff,      \*   NO. 3:02cv1754 (CFD)

    VS.                                     \*

BMW FINANCIAL SERVICES, N.A.                 \*
                                             NOVEMBER 14, 2003
              Defendant       \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

## AFFIDAVIT OF ARMANDO MACIAS

I, Armando Macias, being duly sworn, hereby depose and say:

    1)    I am over the age of eighteen years, believe in the obligations of an oath or affirmation, and make this statement upon my personal knowledge as well as records made and kept in the ordinary course of my employer's business by employees with knowledge and duty to do so.

    2)    I am an Operations Support Manager of BMW Financial Services NA, LLC ("BMW FS"), the defendant in this action. BMW FS is a finance company headquartered in Ohio. I make this statement in support of BMW FS's motion for summary judgment.

    3)    On or about April 30, 1999, Michael C. Iannuzzi and Michael P. Iannuzzi executed a lease for a new 1999 BMW 328IC convertible with a motor vehicle dealer in Boston,

Massachusetts. A true and correct copy of this lease has been submitted with BMW FS's Motion for Summary Judgment as Exhibit C.

4)    I am advised that the Iannuzzis asked the Dealer to etch the vehicle's VIN number from several of its components, and that the Dealer performed this service. If this is true, BMW FS had no involvement in this request or service.

5)    At or before the time it executed the lease, the Dealer calculated the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, and total of payments, and disclosed these charges to the Iannuzzis. Pursuant to pre-existing agreements between the Dealer and Defendant which are common in the industry, the Dealer assumed responsibility for providing these disclosures to consumers and wrote the results of its calculations onto blank lease forms provided to it in advance by Defendant.

6)    BMW FS did not calculate the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, or total of payments. Neither did BMW FS collect or receive the title fee, registration fee, license fee, VIN etch fee, or money due at lease signing for the transaction.

7)    In accordance with industry norms and pre-existing agreements with BMW FS, the Dealer immediately sold the vehicle to BMW FS, which had agreed to finance the transaction. BMW FS began collecting monthly payments from the Iannuzzis.

8)    The Dealer sent a copy of the lease agreement to BMW FS, but did not assign to BMW FS any document by which it could have been determined that the title fee, registration fee, license fee, VIN etch fee, money due at lease signing, or total of payments had been incompletely or inaccurately disclosed.

9)    On or about January 28, 2000, Michael W. Kennedy and the Iannuzzis executed a Transfer of Interest and Assumption of Obligation by which the Iannuzzis transferred to Mr. Kennedy their right, benefit, and interest in the vehicle, and Mr. Kennedy agreed to be bound by the lease's terms. BMW FS executed this document on or about February 28, 2000. A true and correct copy of this document has been submitted with BMW FS's Motion for Summary Judgment as Exhibit D.

10)    After Mr. Kennedy returned the vehicle at the end of the lease term, BMW FS issued Mr. Kennedy a bill dated August 21, 2002 for $2,975.45. This bill included a charge for $160.53 in use and sales tax which BMW FS was obligated to collect for the State of Connecticut. That figure was tabulated as 6.0% of the remaining base payment ($457.22), disposition fee ($350.00), and excess mileage fee ($1,868.20). A true and correct copy of this bill has been submitted with BMW FS's Motion for Summary Judgment as Exhibit E.

11)    The August 21, 2002 bill also included a charge for $1,868.20 in excess mileage fees because Mr. Kennedy returned the vehicle with 45,366 miles on the odometer, which was 9,341 miles over the 36,025 limit set forth in the lease. True and correct copies of BMW FS's Vehicle Inspection Report and Expense Detail Sheet have been submitted with BMW FS's Motion for Summary Judgment as Exhibits F and G, respectively.

_____
ARMANDO MACIAS

STATE OF OHIO          )
                       )    ss:
COUNTY OF              )

Subscribed and sworn to before me this the 13th day of November, 2003.

S........ M. ......ING
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES APRIL 25, 2005

Suzanne M. Darling