**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

| | |
|---|---|
| MICHAEL W. KENNEDY, |    \* |
|                    Plaintiff, |    \* |
| |    \* |
|    VS. | |
| |    \* |
| BMW FINANCIAL SERVICES, N.A. |    \* |
|                  Defendant |    \* |

CIVIL ACTION
NO. 302CV1754 (CFD)

February 24, 2004

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LOCAL RULE 56(a)2 STATEMENT**

    Defendant BMW Financial Services NA, LLC ("Defendant") submits the following in accordance with Local Rule 56(a)(2):

        1.     Admitted.

        2.     Admitted.

        3.     Admitted, except to clarify that only certain portions of the blank lease are preprinted at the direction of BMW FS.  As for the remainder, the document

speaks for itself.  <u>See</u> Exhibit A at ¶ 5 and Exhibit C to Defendant's Motion for Summary Judgment.

4.    The document speaks for itself.  <u>See</u> Exhibit C to Defendant's Motion for Summary Judgment.

5.    Admitted.

6.    Admitted.

7.    Denied in that BMW FS does not "authorize" dealer leases, and to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  <u>See</u> Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

8.    Admitted.

9.    Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-

applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

10.    Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

11.    Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which

they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

12.   Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

13.   Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's

Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

14.   The document speaks for itself.  <u>See</u> Exhibit C to Defendant's Motion for Summary Judgment.

15.   Admitted.

16.   The document speaks for itself.  <u>See</u> Exhibit C to Defendant's Motion for Summary Judgment.

17.   Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  <u>See</u> Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

18.   Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to

-5-

the extent this statement would suggest that BMW FS imposes any generally-applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves.  See Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

19.    The document speaks for itself.  See Exhibit 13 to Plaintiff's Appendix of Exhibits.

20.    The document speaks for itself.  See Exhibit C to Defendant's Motion for Summary Judgment.

21.    The document speaks for itself. See Exhibit C to Defendant's Motion for Summary Judgment.

22.    The document speaks for itself.  See Exhibit C to Defendant's Motion for Summary Judgment.

23.    Admitted, except to clarify that this refers to guidelines indicative of BMW FS's willingness to accept an assignment of a lease from a dealer.  Denied to the extent this statement would suggest that BMW FS imposes any generally-

applicable rule purporting to bind dealers or their customers with respect to the execution, terms, or disclosures of any leases or other transactions which they negotiate between themselves. <u>See</u> Exhibit A at ¶¶ 4-8 to Defendant's Motion for Summary Judgment and Exhibit K at pp. 11, 15, 36, and 66-70 to Defendant's Reply Memorandum.

24. Admitted.

25. The document speaks for itself. <u>See</u> Exhibit D to Defendant's Motion for Summary Judgment.

26. Admitted.

27. Admitted that BMW FS charged Plaintiff $450.00 for the assumption. Denied that there was no explanation. <u>See</u> Exhibit 16 and Exhibit 19 at ¶ 3 to Plaintiff's Appendix of Exhibits.

28. BMW FS lacks information or belief as to this assertion, and is unaware of any "Exhibit 20."

## STATEMENT OF MATERIAL ISSUES OF FACT TO BE TRIED

Defendant denies Plaintiff's false and misleading assertions in his Local Rule 56(a)(1) Statement as explained above, but Defendant does not contend that there are any genuine issues of disputed fact which are supported by evidence and would make a difference in the outcome of this case.

THE DEFENDANT
BMW FINANCIAL SERVICES, N.A.

By: _____
      Adam J. Cohen (ct 19877)
      Pullman & Comley, LLC
      850 Main Street, P.O. Box 7006
      Bridgeport, CT  06601-7006
      Telephone (203) 330-2000
      Facsimile (203) 576-8888
      Its Attorneys

## CERTIFICATION

This is to certify that a copy hereof was mailed, postage prepaid, on the date hereon to each attorney of record and to all pro se parties of record as follows:

**Attorney for the Plaintiff:**
Bernard T. Kennedy, Esq.
49 Rose Street
Branford, CT  06405
Telephone:  (203) 481-1322

20 Yacht Club Drive #214
North Palm Beach, FL  33408
Telephone: (561) 776-6335

**The Plaintiff:**
Michael W. Kennedy, Esq.
101 W. Main Street
Branford, CT   06405
Telephone:  (203) 481-4040

Adam J. Cohen

BPRT/56275.5/AJC/506228v1